# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00040-CR

---

**Chad Allen Kelley, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. CR2016-130, THE HONORABLE GARY L. STEEL, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Pursuant to a negotiated plea agreement, appellant Chad Allen Kelley pled guilty to the first-degree offense of possession with intent to deliver a controlled substance, methamphetamine, in an amount of four grams or more but less than 200 grams, *see* Tex. Health & Safety Code §§ 481.102(6), .112(a), (d), and was placed on deferred adjudication community supervision for ten years, *see* Tex. Code Crim. Proc. art. 42A.101.[1] The trial court subsequently granted the State's motion to adjudicate after finding that appellant had violated the terms and conditions of his supervision. *See* Tex. Crim. Proc. Code art. 42A.108. The court revoked appellant's community supervision, adjudicated his guilt, and assessed his punishment at twenty

---

[1] At the time appellant was placed on deferred adjudication community supervision, the statutes governing community supervision were codified in article 42.12 of the Code of Criminal Procedure. Effective January 1, 2017, the community supervision statutes were re-codified in chapter 42A of the Code of Criminal Procedure. *See* Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 1.01, 2015 Tex. Gen. Laws 2321, 2321–65. Because the re-codification was a non-substantive revision of the community supervision laws, we cite to the current statutes in this opinion.

years' confinement in the Texas Department of Criminal Justice. *See id.* arts. 42A.108, .110; Tex. Penal Code § 12.32. On appeal, appellant contests the revocation of his community supervision based on the violation of purportedly "void" supervision conditions, challenges the restitution order, complains about error in the imposition of the fine and restitution order, and seeks additional jail-time credit to his sentence. We will modify the trial court's judgment adjudicating guilt and, as modified, affirm the judgment.

## BACKGROUND

On March 2, 2016, appellant was indicted in the 207th Judicial District Court of Comal County, Texas, for possession with intent to deliver a controlled substance, methamphetamine, in an amount of four grams or more but less than 200 grams. On July 19, 2016, appellant pled guilty to the charged offense pursuant to a plea-bargain agreement. In exchange for appellant's guilty plea, the State agreed to recommend that appellant be placed on deferred adjudication community supervision for ten years. The negotiated agreement included a $2,000 fine, $180 restitution to the Texas Department of Public Safety (DPS), and 200 community-service hours. The plea proceeding occurred in the 207th Judicial District Court of Comal County, Texas, before the Honorable Gary L. Steel, presiding judge of the 274th Judicial District Court.[2] The trial court accepted the plea-bargain agreement, deferred adjudication of appellant's guilt, placed him on community supervision for ten years (to start upon appellant's release from state jail[3]), and assessed "a $2,000 fine, $180 of restitution [to DPS], court costs,

---

[2] The record reflects that Judge Steel was the trial judge who presided over all of the proceedings in this case.

[3] Also as part of the plea agreement, appellant pled guilty to two additional charges of possession of less than one gram of a controlled substance, methamphetamine, which were state

2

reimburse[ment] [to] the County for court-appointed attorney's fees[,] and 200 hours of community service restitution and the conditions that are recommended by the probation department."

The trial court's order of deferred adjudication, which was signed by Judge Steel on July 26, 2016, reflected that appellant was placed on community supervision in the 207th Judicial District Court of Comal County, Texas. The *Conditions of Community Supervision*, which were filed on July 26, 2016, reflected in the body of the document that appellant was placed on community supervision "by the Honorable Gary Steel [of the] 274th District Court of Comal County, Texas," and Judge Steel's signature had the notation "274th" by his name. The style of the cause appearing at the top of the document indicated that the supervision conditions were imposed "IN THE 22ND DISTRICT COURT OF COMAL COUNTY, TEXAS."

The record indicates that appellant was released from state jail on January 23, 2017. An order amending appellant's community supervision was signed by Judge Steel on March 14, 2017. The style of the cause on that order reflected that it was entered "IN THE 274TH DISTRICT COURT OF COMAL COUNTY, TEXAS." Two months later, on May 22, 2017, an order modifying the conditions of appellant's community supervision to commit him to a residential treatment center was signed by Judge Steel. The style of the cause on that order reflected that it was entered "IN THE DISTRICT COURT OF COMAL COUNTY, TEXAS." Subsequent orders amending appellant's community supervision were signed by

---

jail felonies. *See* Tex. Health & Safety Code §§ 481.102(6), .115(a), (b). The trial court found appellant guilty of those offenses, sentenced him to serve one year in a state jail facility for each offense (with credit for time served), and ordered the sentences to be served concurrently. *See* Tex. Penal Code § 12.35(a).

3

Judge Steel on September 9, 2017, on October 11, 2017, and on November 9, 2017. The style of the cause on each of these orders reflected that the order was entered "IN THE 274TH DISTRICT COURT OF COMAL COUNTY, TEXAS."

On July 9, 2018, the State filed a motion to adjudicate. The adjudication hearing was conducted before Judge Steel in the 207th Judicial District Court of Comal County, Texas.[4] Appellant pled true to all of the allegations in the motion to adjudicate.[5] The court revoked appellant's community supervision, adjudicated his guilt, and sentenced him to twenty years in prison. The judgment adjudicating guilt, signed by Judge Steel, reflects that the judgment was entered in the 207th Judicial District Court of Comal County, Texas.

## DISCUSSION

Appellant raises four points of error. In his first point of error, he argues that the trial court could not revoke his community supervision based on his violation of "void" supervision conditions. In his second point of error, he challenges the restitution order to DPS. In his third point of error, he contends that the trial court erred when imposing the fine and

---

[4] The reporter's record indicates that both the plea hearing and the adjudication hearing occurred before Judge Steel in the 274th Judicial District Court of Comal County, Texas. However, an *Agreement to Correct Inaccuracy in Reporter's Record* was filed in this Court, in which the parties agreed that the reporter's record is inaccurate in showing that the hearings occurred in the 274th Judicial District Court and that the hearings actually took place in the 207th Judicial District Court of Comal County, Texas.

[5] The State's motion to adjudicate contained eleven paragraphs alleging that appellant had violated the terms and conditions of supervision in various ways, including: failing to abstain from the use of controlled substances (methamphetamine and amphetamine); failing to report to his community supervision officer; failing to pay court costs; failing to pay various fees associated with his supervision; failing to submit a specimen for drug testing; failing to participate in the mental health caseload; failing to attend AA or NA meetings; and failing to complete the Aftercare Program following residential drug treatment.

4

ordering the restitution.  In his fourth point of error, appellant seeks modification of the written judgment adjudicating guilt to grant additional jail-time credit against his sentence.

### "Void" Supervision Conditions

In first point of error, appellant argues that the trial court that imposed and modified the terms and conditions of his community supervision, which he maintains was the 274th Judicial District Court, lacked jurisdiction to do so.  Thus, according to appellant, the terms and conditions imposed or modified were "void" and his violation of these "void" terms and conditions could not form the basis for the revocation of his community supervision (or, therefore, the subsequent adjudication of his guilt).

The concepts of jurisdiction, judicial power, and authority of courts and judges— and the interaction between them—are complex and often confusing, and the parties seem to conflate them in their briefing.  We need not parse them out here, however, as appellant's argument is premised on his contention that the terms and conditions of his community supervision were imposed, and later modified, by a court without the statutory authority to do so under article 42A.051 of the Code of Criminal Procedure.  As appellant correctly notes, this statute provides that "only the court in which the defendant was tried" may impose or modify the conditions of community supervision.[6]  Tex. Code Crim. Proc. art. 42A.051(a)–(b).  Here the

---

[6]  Specifically, article 42A.051 of the Code of Criminal Procedure provides:

(a)     Unless the judge has transferred jurisdiction of the case to another court under Article 42A.151, only the court in which the defendant was tried may:
(1)     grant community supervision;
(2)     impose conditions; or
(3)     discharge the defendant.

court in which appellant was tried—that is, the court in which appellant was indicted and that accepted his guilty plea—was the 207th Judicial District Court, not the 274th Judicial District Court. Therefore, the 274th Judicial District Court did not have authority under article 42A.051 to impose or modify the terms and conditions of supervision in this case.

However, the record refutes appellant's assertion that the 207th Judicial District Court "did not impose or modify a single condition" of appellant's community supervision. The original order of deferred adjudication entered by Judge Steel in the 207th Judicial District Court imposed—on its face—a $2,000 fine and $180 restitution to the Texas Department of Public Safety. Further, the May 22, 2017, order modifying supervision conditions to commit appellant to a residential treatment center, which added the condition that appellant complete the Aftercare Program following his stay at the residential treatment center, was entered "in the District Court of Comal County, Texas." Given that this order was entered in a cause pending in the 207th Judicial District Court, it can be construed as being entered in the 207th Judicial District Court. Thus, these terms and conditions—that appellant pay a $2,000 fine, that he pay $180 in restitution to DPS, and that he complete the Aftercare Program—were imposed or modified by the 207th Judicial District Court, the court in which appellant was tried.

The State's motion to adjudicate included allegations that appellant violated the terms and conditions of his supervision by failing to pay the $2,000 fine, by failing to pay the

---

(b)      The judge of the court having jurisdiction of the case may, at any time during the period of community supervision, modify the conditions of community supervision. Except as provided by Article 42A.052(a), only the judge may modify the conditions.

Tex. Code Crim. Proc. art. 42A.051. We note that after a transfer described in subsection (a), "the court accepting jurisdiction subsequently shall proceed as if the defendant's trial and conviction had occurred in that court." *Id.* art. 42A.151(b). The record does not reflect, and the State does not contend, that such a transfer occurred here.

$180 restitution to DPS, and by failing to complete the Aftercare Program. Appellant pled true to all of the allegations in the motion to adjudicate, including the violation of these three terms and conditions. Further, the trial court found that appellant violated the terms and conditions of his community supervision as alleged in the State's motion to adjudicate, which specifically alleged, among other things, that appellant failed to pay the $2,000 fine, failed to pay the $180 restitution to DPS, and failed to complete the Aftercare Program.

Thus, the record demonstrates that the court in which appellant was tried (the 207th Judicial District Court):

- granted appellant community supervision;

- imposed the fine and restitution as terms and conditions of appellant's supervision in the original order of deferred adjudication;

- modified the terms and conditions of appellant's supervision in the May 22, 2017 order modifying conditions of supervision to include the additional condition of completing the Aftercare Program;

- accepted appellant's plea of true to violating the terms and conditions of his supervision as alleged in the State's motion to adjudicate—including appellant's failure to pay the fine, his failure to pay the restitution, and his failure to complete the Aftercare Program;

- revoked appellant's community supervision based, in part, on appellant's failure to pay the fine, his failure to pay the restitution, and his failure to complete the Aftercare Program; and

- adjudicated appellant's guilt.

Consequently, the record supports the trial court's revocation of appellant's community supervision and adjudication of guilt. *See* Tex. Code Crim. Proc. arts. 42A.051(a)–(b), .754; *see also Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) ("[P]roof of a single violation will support revocation."); *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) (affirming that Court of Criminal Appeals has "long held that 'one sufficient ground for

7

revocation would support the trial court's order revoking' community supervision")
(quoting *Jones v. State*, 571 S.W.2d 191, 193 (Tex. Crim. App. 1978)).

We overrule appellant's first point of error.

### Restitution Order

As part of the plea-bargain agreement in this case, the parties agreed that appellant would "pay $180.00 Restitution payable to [the] DPS Laboratory." The exhibits admitted in support of appellant's guilty plea contained a lab report from the Texas Department of Public Safety Crime Laboratory, which was accompanied by a form requesting "reimbursement to the law enforcement agency, the Texas Department of Public Safety, Crime Laboratory, for its costs incurred in the analysis" of the controlled substance in this case; the form reflected that the sum of the cost was $180. In accordance with the plea agreement and the evidence admitted, the trial court incorporated the reimbursement for the lab fees into the terms and conditions of appellant's supervision, although the court referred to the reimbursement as "restitution."[7] When the trial court revoked appellant's community supervision, adjudicated his guilt, and sentenced him to prison, the trial court ordered appellant to pay $180 restitution to the Texas Department of Public Safety.

In his second point of error, appellant challenges the trial court's restitution order. He contends that the trial court did not have authority to order him to pay restitution to DPS

---

[7] We note that "reimbursement" and "restitution" are not identical terms as used in the Code of Criminal Procedure. *See Brown v. State*, No. 06-11-00022-CR, 2011 WL 3275284, at *1 (Tex. App.—Texarkana Aug. 2, 2011, no pet.) (mem. op., not designated for publication) (discussing distinction between "restitution" and "reimbursement" in Code of Criminal Procedure).

8

when the court imposed his twenty-year prison sentence and thus, he argues, the restitution order is not supported by sufficient evidence.

We begin our analysis by determining whether appellant has preserved this complaint for appellate review. The State maintains that appellant failed to preserve his challenge to the restitution order for appellate review because he failed to object to the restitution order when he was placed on deferred adjudication community supervision. The State further contends that appellant waived any complaint about the restitution order because restitution to DPS was part of the plea bargain. However, the State conflates reimbursement for lab fees imposed as a condition of community supervision (even though, as noted above, the reimbursement was referred to as "restitution" in this case) with restitution to a victim of the crime. *Compare* Tex. Code Crim. Proc. art. 42A.301(b)(18) (providing that conditions of community supervision may include reimbursement for lab fees), *with id.* art. 42.037(a) (granting trial court discretion to order defendant to make restitution to "any victim of the offense"); *see Sexton v. State*, No. 11-18-00278-CR, 2019 WL 4316791, at *1 (Tex. App.—Eastland Sept. 12, 2019, pet. ref'd) (mem. op., not designated for publication) (stating that although trial court has authority to require defendant to reimburse DPS for lab fees as condition of community supervision, trial court has no authority to assess DPS lab fees as restitution when defendant is sentenced to imprisonment); *Aguilar v. State*, 279 S.W.3d 350, 353 (Tex. App.—Austin 2007, no pet.) (explaining that trial court can order defendant to pay DPS lab fees "but only as a condition of community supervision").

Moreover, when a defendant receives deferred adjudication, no sentence is imposed. *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). Thus, when the defendant violates a condition of deferred adjudication community supervision, the trial court

9

may proceed to adjudicate guilt, assess punishment, and pronounce sentence. *See* Tex. Code Crim. Proc. art. 42A.110(a) ("After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred."); *Ross v. State*, No. 03-00-00260-CR, 2001 WL 57993, at *1 (Tex. App.—Austin Jan. 25, 2001, no pet.) (mem. op., not designated for publication) (observing that "[a]mong the consequences of a violation of the conditions of deferred adjudication supervision is adjudication of guilt, after which assessment of punishment and imposition of sentence continue as if adjudication had not been deferred"). When guilt is adjudicated, the judgment adjudicating guilt sets aside the order deferring adjudication. *Taylor*, 131 S.W.3d at 502; *see McCoy v. State*, 81 S.W.3d 917, 919 (Tex. App.—Dallas 2002, pet. ref'd) ("By adjudicating guilt, the trial court supplants its previous order deferring adjudication of guilt and imposing community supervision.").

Here, after appellant admitted violating his supervision conditions, his community supervision was revoked, and the trial court adjudicated his guilt. The restitution order that appellant challenges here was imposed when he was sentenced to prison upon adjudication, which "set aside" the order of deferred adjudication, including the restitution previously imposed as a condition of community supervision. A sentence that is assessed upon adjudication is not imposed pursuant to a plea bargain. *See Ditto v. State*, 988 S.W.2d 236, 238–39 (Tex. Crim. App. 1999) (observing that, upon adjudication of guilt after violation of deferred adjudication community supervision, trial court has no further obligation to comply with plea bargain because bargain has already been satisfied by initial sentencing). Thus, the State's reliance on the previous terms of the plea bargain, or appellant's failure to object to such, is misplaced.

The State further claims that appellant is estopped from raising a sufficiency challenge because he agreed to the restitution to DPS as part of the plea bargain. *See Price v. State*, No. 12-10-00363-CR, 2011 WL 3618088, at \*3 (Tex. App.—Tyler Aug. 17, 2011, no pet.) (mem. op., not designated for publication) (stating that "an appellant waives the right to complain that a restitution assessment lacks the necessary evidentiary support when an appellant expressly requests that the trial court assess restitution in a plea agreement"); *Ayala v. State*, No. 07-16-00411-CR, 2017 WL 3611617, at \*2 (Tex. App.—Amarillo Aug. 10, 2017, pet. ref'd) (mem. op., not designated for publication) ("By agreeing to the assessment as part of the plea and effectively asking the court to abide by the plea agreement, appellant waived his right to complain that the assessment lacked evidentiary support."). As we previously noted, however, the restitution that the trial court ordered upon appellant's adjudication was not imposed pursuant to a plea agreement. Furthermore, the plea bargain involved restitution to DPS as a condition of community supervision. Thus, we cannot agree that appellant's plea-bargain agreement— already satisfied by his initial placement on community supervision—estops him from raising a sufficiency challenge in this subsequent proceeding.

Finally, the State also maintains that appellant's failure to object to the restitution order when he was sentenced at the adjudication hearing failed to preserve this complaint for appellate review. "If a defendant wishes to complain about the appropriateness of (as opposed to the factual basis for) a trial court's restitution order, he must do so in the trial court, and he must do so explicitly." *Idowu v. State*, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002); *see* Tex. R. App. P. 33.1(a) (providing general preservation of error requirements). However, challenges to the sufficiency of the evidence supporting a restitution order can be raised for the first time on appeal. *Idowu*, 73 S.W.3d at 921–22; *see Moore v. State*, 371 S.W.3d 221, 225 (Tex. Crim. App.

11

2012) (explaining that "[i]n contrast to evidence-sufficiency challenges, for which no preservation of error is required, challenges to the propriety of trial-court rulings must be preserved for appeal"); *Mayer v. State*, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010) (stating that "a claim regarding sufficiency of the evidence need not be preserved for appellate review at the trial level, and it is not forfeited by the failure to do so" (quoting *Moff v. State,* 131 S.W.3d 485, 489 (Tex. Crim. App. 2004)). The State appears to characterize appellant's challenge as a complaint to the propriety of the restitution order. Appellant, however, maintains that his complaint that DPS is not a victim for purposes of the restitution statute "is an argument about the sufficiency of the evidence" supporting the restitution order, "not the appropriateness of restitution." As appellant presents his complaint, we agree. We turn now to the merits of appellant's sufficiency challenge.

A sentencing court may order a defendant to pay restitution to "any victim of the offense." Tex. Code Crim. Proc. art. 42.037(a); *Hanna v. State*, 426 S.W.3d 87, 92 (Tex. Crim. App. 2014). However,

> due process places three limitations on the restitution a trial judge may order: (1) the restitution ordered must be for only the offense for which the defendant is criminally responsible; (2) the restitution must be for only the victim or victims of the offense for which the defendant is charged; and (3) the amount must be just and supported by a factual basis within the record.

*Burt v. State*, 445 S.W.3d 752, 758 (Tex. Crim. App. 2014). "[F]or purposes of the restitution statute, a 'victim' is any person who suffered loss as a direct result of the criminal offense." *Hanna*, 426 S.W.3d at 94. "The phrase 'as a result of the offense' includes the notion of both actual and proximate causation." *Id.* at 95. This Court has previously concluded that expenses incurred by the Texas Department of Public Safety laboratory in performing its drug-testing

12

functions in connection with the investigation of a criminal offense are not sustained as a result of being a victim of crime, and are not, therefore, subject to a restitution order.[8] *Aguilar*, 279 S.W.3d at 353.

We agree with appellant that the evidence in this case is not sufficient to support the restitution order to DPS as a victim of the instant offense under article 42.037(a). *See* Tex. Code Crim. Proc. art. 42.037(a); *Aguilar*, 279 S.W.3d at 353. Therefore, we sustain appellant's second point of error and modify the judgment adjudicating guilt to delete the restitution order.[9]

---

[8] We note that several of our sister courts of appeals have concluded the same or issued opinions consistent with this conclusion. *See Wesley v. State*, No. 06-19-00269-CR, 2020 WL 3456599, at *2 (Tex. App.—Texarkana June 25, 2020, no pet.) (mem. op., not designated for publication); *Britt v. State*, No. 13-19-00166-CR, 2020 WL 2776530, at *1 n.3 (Tex. App.—Corpus Christi–Edinburg May 28, 2020, no pet.) (mem. op., not designated for publication); *Sheridan v. State*, No. 11-19-00303-CR, 2020 WL 1887710, at *2 (Tex. App.—Eastland Apr. 16, 2020, no pet.) (mem. op., not designated for publication); *Jackson v. State*, 562 S.W.3d 717, 724 (Tex. App.—Amarillo 2018, no pet.); *Zimmerman v. State*, No. 05-17-00492-CR, 2018 WL 3968419, at *7 (Tex. App.—Dallas Aug. 20, 2018, pet. dism'd) (mem. op., not designated for publication); *King v. State*, No. 12-17-00194-CR, 2018 WL 345737, at *1 (Tex. App.—Tyler Jan. 10, 2018, no pet.) (mem. op., not designated for publication); *Milligan v. State*, No. 02-16-00035-CR, 2016 WL 6123643, at *1 n.2 (Tex. App.—Fort Worth Oct. 20, 2016, no pet.) (mem. op., not designated for publication); *Abraham v. State*, No. 04-13-00180-CR, 2014 WL 2917378, at *1 (Tex. App.—San Antonio June 25, 2014, no pet.) (mem. op., not designated for publication), although one of our sister courts agreed only in part, *see Horton v. State,* No. 10–09–00258–CR, 2010 WL 2010932, at *3 (Tex. App.—Waco May 19, 2010, pet. ref'd) (mem. op., not designated for publication) (agreeing that "DPS does not incur lab fees as the result of being the victim of a crime" but concluding that reimbursement for lab fees could be assessed as "reparation"). Given this consensus, we are unpersuaded by the State's argument that *Aguilar* departs from recognized principles of causation and "leads to an absurd result which conflicts with the Legislature's intent."

[9] Because we resolve this issue on sufficiency grounds, we do not address appellant's alternative contention that, because the trial court lacked authority to order appellant to pay lab fees as restitution to DPS, the restitution order was "void," other than to note that, in support of that contention, appellant asserts that this Court "has characterized such an impermissible order as void," citing to our opinion in *Ireland v. State*, No. 03-14-00616-CR, 2015 WL 4914982, at *1 (Tex. App.—Austin Aug. 12, 2015, no pet.) (mem. op., not designated for publication). However, appellant misreads that opinion. While this Court set forth the defendant's argument—"that the restitution ordered in the written judgment adjudicating guilt should be

13

*See Burt*, 445 S.W.3d at 757–58 (holding that deletion of written restitution order is appropriate when trial judge does not have statutory authority to impose specific restitution order).

### Imposition of Fine

The trial court sentenced appellant to twenty years in prison and pronounced that any part of the previously imposed fine would "remain due and owing." Consistent with that pronouncement, the written judgment adjudicating guilt reflects a fine of $2,000 "with credit for any money previously paid." In his third point of error, appellant argues that the trial court erred in failing to state the exact amount of the fine imposed because the court "did not pronounce how much money was still owing and therefore did not state the amount of the fine . . . being made a part of Appellant's sentence."[10]

Generally, a defendant may not assert error pertaining to his sentence or punishment when he failed to object or otherwise raise the error in the trial court. *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); *see* Tex. R. App. P. 33.1(a). A defendant's failure to timely object, or his acquiescence, may result in the forfeiture of his complaint. *See Mercado*, 718 S.W.2d at 296. "A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced." *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013); *see, e.g.*, *Idowu*, 73 S.W.3d at 923. In some

---

deleted because it constitutes a void sentence"—and sustained that point of error, deleting the restitution order because the trial court did not have statutory authority to impose the restitution order at issue in that case, we did not hold that the order was "void." *Id.* at *2. It was the defendant, not this Court, that characterized it as such.

[10] For the same reason, appellant also contends that the trial court failed to state the exact amount of the restitution ordered. However, given our disposition of appellant's second point of error, which resulted in the deletion of the restitution order, we do not address that contention here.

instances, "if the appellant did not have the opportunity to object in the punishment hearing," a sentencing issue may be raised in a motion for new trial. *Burt*, 396 S.W.3d at 577 & n.4.

Here, as the State correctly notes, appellant failed to present any complaint about his sentence—including the imposition of the fine—to the trial court at the adjudication hearing when he was sentenced.

Appellant appears to suggest that his failure to object is excused because his statutory and due process right to have his sentence orally pronounced in his presence was violated. *See Burt*, 445 S.W.3d at 757 (observing that "fairness to the defendant requires that his sentence be 'pronounced orally in his presence'"); Tex. Code Crim. Proc. art. 42.03, § 1(a) (providing that "sentence shall be pronounced in the defendant's presence"). However, the record demonstrates that appellant was present when his sentence—including the fine, which the record reflects was the same $2,000 fine previously imposed—was orally pronounced and he had the opportunity to object to the fine amount. Contrary to appellant's contention, the unknown "exact" amount was not the fine amount but the portion unpaid and still owed by appellant. The fine imposed was $2,000 whether appellant had paid $0, $2,000, or some amount in between; how much appellant had paid did not impact the amount of the fine imposed.

Because the fine was orally pronounced in appellant's presence and appellant had the opportunity to object to the fine amount but did not raise any such complaint at any time before appeal, we conclude that this complaint was not preserved for appellate review. *See* Tex. R. App. P. 33.1(a); *see, e.g.*, *Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999) (concluding that defendant failed to preserve error when he was given opportunity to object when sentence was pronounced but did not). We overrule appellant's third point of error.

## Time Credit

In his final point of error, appellant seeks modification of the written judgment adjudicating guilt to include additional jail-time credit against his twenty-year sentence.

The trial court is required to credit the sentence of a criminal defendant for time the defendant spent "in jail for the case . . . from the time of his arrest and confinement until his sentence by the trial court" except for time served as a condition of community supervision. Tex. Code Crim. Proc. art. 42.03, § 2(a)(1); *see Ex parte Bynum*, 772 S.W.2d 113, 114 (Tex. Crim. App. 1989) ("It is settled that an individual is entitled to all time spent in jail 'on said cause.'"). "The trial court is required to grant the [defendant] pre-sentence jail time credit when [the] sentence is pronounced." *Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004). Further, the credit for time served must be contained in the trial court's judgment. *See* Tex. Code Crim. Proc. art. 42.01, § 1(18) ("The judgment shall reflect . . . any credit for time served[.]").

When sentencing appellant in this case, the trial court gave appellant "credit for time served as allowed under the rules and laws of this state." The written judgment of adjudication reflects time credit for three separate periods that appellant served in jail:

- from his original arrest until his release on bond ("01/09/15 to 04/09/15");

- from his arrest after his bond was revoked until his placement on community supervision ("02/04/16 to 07/09/16"); and

- from his arrest on his community-supervision violation until his adjudication and sentencing ("02/07/18 to 12/20/18").

Appellant contends that he is entitled to an additional ten days of jail-time credit because the second period should reflect time credit from "02/04/16 to 07/19/16"—rather than 07/09/16—because the original plea hearing was on July 19, 2016, rather than July 9, 2016, and the record

16

reflects that appellant was incarcerated in jail on this charge until his placement on community supervision on that date. The State does not oppose granting the additional ten days of time credit, indicating that the date in the judgment appears to be a typographical error.

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Further, this Court has "the power to modify whatever the trial court could have corrected by a judgment *nunc pro tunc* when the information necessary to correct the judgment appears in the record." *Ette v. State*, 551 S.W.3d 783, 792 (Tex. App.—Fort Worth 2017), *aff'd*, 559 S.W.3d 511 (Tex. Crim. App. 2018); *accord Morris v. State*, 496 S.W.3d 833, 836 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd); *see Ybarra*, 149 S.W.3d at 148 (explaining that, in event trial court fails to award pre-sentence jail-time credit when sentence is pronounced, trial court has authority to correct judgment to reflect appropriate time credit by judgment *nunc pro tunc* (citing Tex. R. App. P. Rule 23.2)).

Accordingly, we sustain appellant's fourth point of error and modify the written judgment adjudicating guilt with respect to the second period of time credit, modifying the date from "07/09/16" to "07/19/16."

## CONCLUSION

We conclude that the record supports the trial court's revocation of appellant's community supervision and adjudication of guilt, that the evidence is not sufficient to support the restitution order to DPS, that appellant failed to preserve his complaint about the imposition of the fine for appellant review, and that appellant is entitled to an additional ten days of time credit against his sentence. Accordingly, we modify the written judgment to delete the order of $180

17

restitution to the Texas Department of Public Safety and to reflect that the "Time Credited" is "FROM    01/09/15  TO  04/09/15    02/04/16  TO  07/19/16    02/07/18  TO  12/20/18."  As so modified, we affirm the trial court's judgment adjudicating guilt.

_____

Edward Smith, Justice

Before Justices Triana, Kelly, and Smith

Modified and, as Modified, Affirmed

Filed:   January 8, 2021

Do Not Publish

18